**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROBERT LUX and MARY ELIZABETH LUX,<br><br>Plaintiffs,<br><br>v.<br><br>LIVANOVA DEUTSCHLAND, GMBH (f/k/a Sorin Group Deutschland, GmbH); LIVANOVA HOLDING USA, INC. (f/k/a SORIN GROUP USA, INC.); THE GENERAL HOSPITAL CORPORATION d/b/a MASSACHUSETTS GENERAL HOSPITAL; SERGUEI MELNITCHOUK MD, MPH; and CHIEF PERFUSIONIST AT MASSACHUSETTS GENERAL HOSPITAL,<br><br>Defendants. | CASE NO.<br><br>JUDGE<br><br>**NOTICE OF REMOVAL** |

**TO: United States District Court**
**District of Massachusetts**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant LivaNova Holding USA, Inc. (f/k/a Sorin Group USA, Inc.) ( "LivaNova Holding USA") submits this Notice of Removal from the Suffolk County Superior Court, Commonwealth of Massachusetts, in which the above-captioned matter is now pending, to the United States District Court for the District of Massachusetts.

In support of said Notice, LivaNova Holding USA states as follows:

## PROCEDURAL HISTORY

1. This action involves product liability allegations regarding the Sorin Stöckert 3T Heater-Cooler Device. Plaintiffs Robert Lux and Mary Elizabeth Lux ("Plaintiffs") filed their Complaint in the Suffolk County Superior Court, Commonwealth of Massachusetts, on or about November 2, 2021, asserting injuries from the use of the Sorin 3T during a mitral valve repair

surgery that plaintiff Robert Lux underwent at Massachusetts General Hospital. A copy of the Complaint filed in Massachusetts state court is attached hereto as **Exhibit A**.

2. Plaintiffs also assert medical malpractice and negligence claims against Massachusetts General Hospital (the "Hospital"), plaintiff Robert Lux's physician Serguei Melnitchouk, and the unnamed Chief Perfusionist at the Hospital, relating to the use of the 3T System during Mr. Lux's surgery, and lack of informed consent claims against Mr. Melnitchouk specifically. *See* Plaintiffs' Complaint, **Exhibit A**, at ¶¶ 241-246, 248-253.

3. No other pleadings and/or orders have been filed in Plaintiffs' Massachusetts state court action, nor has LivaNova Holding USA received any such pleadings. A copy of the complete docket of Plaintiffs' Massachusetts state court action is attached to this Notice of Removal. *See* **Exhibit B**, Copy of Entire State Court Record.

4. Upon information and belief, no pleadings or documents have been served on any named defendant in this action, including LivaNova Holding USA.

5. As will be set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because (1) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332; (2) this Notice of Removal was filed timely pursuant to 28 U.S.C. § 1446(b)(3); and (3) Defendants have satisfied the procedural requirements for removal.

## I. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. § 1332.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that (1) there is complete diversity of citizenship between Plaintiffs and the named defendants, and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A. Complete Diversity of Citizenship

7. There is complete diversity of citizenship between Plaintiffs, both of whom are citizens of New Hampshire, and the named defendants in this action.

8. Plaintiff Robert Lux resides in and is a citizen of the state of New Hampshire. *See* Plaintiffs' Complaint, **Exhibit A**, ¶ 7.

9. Plaintiff Mary Elizabeth Lux resides in and is a citizen of the state of New Hampshire. *See* Plaintiffs' Complaint, **Exhibit A**, ¶ 9.

10. LivaNova Holding USA was formerly a Delaware corporation with a principal place of business in Houston, Texas.[1] *See* Plaintiffs' Complaint, **Exhibit A**, ¶ 12.

11. Named Defendant LivaNova Deutschland GmbH (f/k/a Sorin Group Deutschland GmbH) ("LivaNova Deutschland") is a foreign company headquartered in Munich, Germany. *See* Plaintiffs' Complaint, **Exhibit A**, ¶ 11.

12. Named Defendant The General Hospital Corporation d/b/a Massachusetts General Hospital is a Massachusetts corporation with its principal place of business in Massachusetts. *See* Plaintiffs' Complaint, **Exhibit A**, ¶ 13.

13. Upon information and belief, named Defendant Sergei Melnitchouk is a citizen of the state of the state of Massachusetts. *See* Plaintiffs' Complaint, **Exhibit A**, ¶ 14.

14. Plaintiffs also purport to file suit against the Chief Perfusionist at the Hospital, a "fictitious name" for the unidentified individual filling that role at the Hospital. Plaintiffs make no allegations as to their identity. *See* Plaintiff's Complaint, **Exhibit A**, ¶ 15.

15. For purposes of removal based on diversity jurisdiction, fictitious defendants such as these must be disregarded. *See* 28 U.S.C. § 1441(b)(1); *see also Torres v. Johnson & Johnson*,

---

[1] LivaNova Holding USA has merged with, into, and under the name of LivaNova USA, a Delaware Corporation with its principal place of business in Texas.

2018 WL 2271019, at *1, n.1 (D. Mass. May 17, 2018) (citizenship of "defendants sued under fictitious names shall be disregarded" for purposes of removal in action where plaintiff provided fictitious names in the complaint and alleged that he did "not know the true names or identities" of those entities.)

16. Therefore, for purposes of determining diversity, LivaNova Holding USA is a citizen of Delaware and Texas, named defendant LivaNova Deutschland is a citizen of Germany, and the Hospital and Serguei Melnitchouk are citizens of Massachusetts. 28 U.S.C. § 1332(c)(1).

17. By virtue of the above, none of the named defendants are citizens of the state of New Hampshire, Plaintiffs' sole alleged state of citizenship. *See* 28 U.S.C. § 1332. Accordingly, complete diversity exists between the parties.

**B. Amount in Controversy**

18. Pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs. This assertion is well-founded and made in good faith in light of the allegations in Plaintiffs' Complaint.

19. Plaintiffs' Complaint alleges that Mr. Lux underwent a mitral valve repair with annuloplasty ring surgery on January 25, 2017, and that a Sorin 3T Heater-Cooler Unit ("3T System") was used during this surgery. Plaintiffs allege that this caused Mr. Lux to be exposed to and infected with M. chimaera and that he has suffered "permanent loss of function" as a result. *See* Plaintiffs' Complaint, **Exhibit A,** ¶¶ 122, 124, 153, 155, 160-61, 172.

20. In addition, the Civil Cover Sheet Plaintiffs filed with their Complaint indicates that they are seeking $5 million in damages in this action. *See* Plaintiffs' Civil Cover Sheet, **Exhibit C**.

21. Plaintiffs' Complaint also alleges that Mr. Lux was "catastrophically injured and sustained severe pain and suffered permanent loss of function" and "severe and permanent damages and disfigurement" as a result of his alleged *M. chimaera* infection. *See* Plaintiffs' Complaint, **Exhibit A**, ¶¶ 6, 172, 200. The Complaint also alleges that Mr. Lux suffered back pain, night sweats, pain, the inability to walk, and that "his activities have been restricted, and his ability to lead a normal life has been adversely affected." *See* Plaintiffs' Complaint, **Exhibit A**, ¶¶ 125, 143, 200, 215. Plaintiffs also allege that Plaintiff Mary Elizabeth Lux "has been, and will continue to be in the future, deprived of the services, society, and conjugal fellowship of her husband." *See* Plaintiffs' Complaint, **Exhibit A**, ¶ 255.

22. In addition to the fact that Plaintiffs indicate that they are seeking $5 million in damages in this action, the seriousness and permanent nature of the alleged injuries in the Complaint places more than $75,000 in controversy. *Solimino v. Target Corp.*, 2021 WL 4822175, at *3 (D. Mass. Oct. 15, 2021) (holding there was a reasonable probability that amount in controversy exceeded $75,000 where plaintiff's civil cover sheet claimed damages of $53,824.49 and their complaint alleged "serious personal injuries, including pain and suffering"); *Chin v. Holiday Cruises II, Inc.*, 141 F.R.D. 367, 370 (D. Mass. 1992) (finding that plaintiff had a "realistic expectation of recovering in excess" of amount in controversy requirement where "the complaint characterize[d] the plaintiff's injuries as severe and resulting in a permanent disability."); *Proulx v. Mintzer*, 2020 WL 3105034, at *4, n.4 (D. Mass. June 11, 2020) (holding that court would "assume that the amount-in-controversy requirement is satisfied" where complaint did not allege specific amount of damages but civil cover sheet claimed damages of $4,280,000+, and complaint otherwise alleged that plaintiff "suffered permanent disfiguration…and other serious injuries").

23. By virtue of these allegations of injury, Plaintiffs are seeking damages in excess of the sum or value of $75,000, exclusive of interest and costs, which meets the jurisdictional requirement of this Court. See 28 U.S.C. § 1332(a).

24. Accordingly, for all of the above stated reasons, there is complete diversity between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Therefore, this Court has subject matter jurisdiction over the instant matter pursuant to 28 U.S.C. § 1332.

## II. THIS NOTICE OF REMOVAL IS TIMELY PURSUANT TO 28 U.S.C. § 1446(b)(3).

25. Upon information and belief, none of the named defendants, including LivaNova Holding USA, have been served, and therefore, the thirty-day timeline for removal has not yet started. *See Dichiara v. RDM Tech.*, 2009 WL 1351640, at *1 (D. Mass. Jan. 13, 2009) (noting that "receipt of a complaint, absent formal service, does not start 30-day removal period") (citations omitted).

26. Nonetheless, this Notice of Removal is filed within thirty days of the filing of the Complaint and LivaNova Defendants' receipt of a copy of the Complaint.

27. For these reasons, this Notice of Removal is timely.

## III. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

28. As discussed herein, this Court has subject matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332(a).

29. Venue is proper pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the District of Massachusetts is the federal district for the district embracing the place

where the state court suit is pending, namely the Suffolk County Superior Court, Commonwealth of Massachusetts.

30. The thirty-day period for removal has not started because none of the named defendants have been served with the Complaint. Defendants' Notice of Removal is therefore timely.

31. Upon information and belief, none of the named defendants have been properly joined and served with process. Removal by LivaNova Holding USA is therefore proper. *See e.g., Texas Brine Co., LLC v. Am. Arb. Ass'n*, Inc., 955 F.3d 482, 487 (5th Cir. 2020) ("A non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state."); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) ("the language of the forum defendant rule…precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served."); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 706-07 (2d Cir. 2019) ("By its text…Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action.").

32. Because named defendants LivaNova Deutschland, the Hospital, and Serguei Melnitchouk have not been properly served, LivaNova Holding USA is not required to obtain their consent for removal. *See* 28 U.S.C. § 1446(b)(2)(A); *see also Lothrop v. N. Am. Air Charter, Inc.*, 2013 WL 3863917, at *1 (D. Mass. July 11, 2013) ("[t]he rule of unanimity plainly does not require consent of defendants who have not been properly served.") (internal quotations omitted); *Sutler v. Redland Ins. Co.*, 2012 WL 5240124, at *3 (D. Mass. Oct. 24, 2012) (holding that "the rule of unanimity only applies to other defendants who have been

served" and because a party had not been served at time the removal notice was filed, "its consent is not a prerequisite to removal.").

33. Defendants need not establish the citizenship of the unnamed and/or fictitious defendants, including the Chief Perfusionist referenced in Plaintiffs' Complaint, to satisfy jurisdictional requirements. *See* 28 U.S.C. § 1441(b)(1); *see also Torres*, 2018 WL 2271019, at *1, n.1.

34. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs, by and through their attorneys of record, and is also being filed with the clerk of the Suffolk County Superior Court, Commonwealth of Massachusetts.

WHEREFORE, Defendant LivaNova Holding USA, Inc. (f/k/a Sorin Group USA, Inc.) files this Notice of Removal so that the entire state court action now pending in the Suffolk County Superior Court, Commonwealth of Massachusetts, be removed to this court for all further proceedings.

Respectfully submitted,

*/s/ William P. Breen, Jr.*

William P. Breen, Jr. (BBO No. 558768)
Eckert Seamans Cherin & Mellott, LLC
Two International Place, 16th Floor
Boston, MA 02110
Telephone: 617.342.6800
Facsimile: 617.342.6899
Email: wbreen@eckertseamans.com

*Attorneys for Defendant LivaNova Holding USA, Inc.*

Date: November 3, 2021